Norbet Berard, Admr., *vs.* Augustus Smith.

MAY 12, 1909.

Present: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Master and Servant. Negligence. Fellow-Servant. Pleading.*

Declaration alleged that intestate, an employee of defendant as a painter, was ordered by defendant to enter a rowboat and transport certain logs, with which the boat was loaded, which work was outside of his regular employment and extra hazardous; that, while he was so transporting the logs, an agent of defendant threw certain logs from the wharf into the water, which overturned the boat, whereby intestate suffered injury:

*Held,* that the declaration alleged no breach of duty on the part of the master in failing to exercise due care for the safety of the servant, but the only negligence set forth was that of a fellow-servant.

Another count alleged, as gravamen, that defendant directed intestate to load the boat with logs in such manner, and with such quantity, that the boat was unsafe; alleged the youth and inexperience of intestate, and the duty upon defendant to notify intestate of such dangerous condition; and that while intestate was transporting the logs the boat suddenly overturned:

*Held*, that it did not appear that the boat overturned by reason of the alleged negligence of defendant.

Other counts charged that intestate was directed to enter the boat and transport the logs with which it was loaded; alleged the duty to furnish a safe boat, and that the boat was unsafe, dangerous, and unfit for such purpose, to the knowledge of defendant; and that by reason of its unsafe condition, it sank, etc.:—

*Held*, that the allegation that the boat was unsafe, etc., to the knowledge of defendant,was sufficient to set forth a *prima facie* cause of action without specifying the particular defect which caused the boat to sink.

Trespass on the Case for negligence. Heard on exceptions of plaintiff, and certain exceptions sustained.

Per Curiam. The court is of the opinion that the plaintiff's exception to the decision of the Superior Court sustaining the demurrer to the fifth count must be overruled. As said by the justice who heard the demurrer: "There is no breach of duty alleged on the part of the master in failing to exercise due care for the safety of his servant, but the only negligence which is set forth is that 'the defendant by his agent' threw certain articles which collided with the boat and caused the death of the plaintiff's intestate. It seems to me clear that the only negligence which the plaintiff can claim to have alleged is that of a fellow-servant. *Di Marcho* v. *Builders Iron Foundry*, 18 R. I. 514."

The court is also of the opinion that the demurrer to the fourth count is well taken, viz.: "That it does not appear therein that said boat overturned and upset and filled with water and sank by reason of the alleged negligence (of the defendant.)"

A majority of the court, however, are of the opinion that the demurrers to the first, second and third counts should be overruled, being of the opinion that the averment that the boat alleged to have been furnished the plaintiff's intestate by the defendant was "unsafe, dangerous, and wholly unfit"

for the purposes set forth in the several counts, to the knowledge of the defendant, are sufficient, within the decision in *Cox* v. *Providence Gas Co.*, 17 R. I. 199, and *Ellis* v. *Waldron*, 19 R. I. 369, to set forth a *prima facie* cause of action without specifying the particular defect which caused the boat to sink.

The plaintiff's exceptions to the decision of the court sustaining the demurrers to the fourth and fifth counts of the declaration are overruled, and his exceptions to the decision sustaining the demurrers as to the first, second, and third counts are sustained; and the case is remitted to the Superior Court for further proceedings.

*Sheffield, Levy & Harvey*, for plaintiff.

*Vincent, Boss & Barnefield*, for defendant.